UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DERRICK ADKINS,

    Petitioner,

v.

WILLIAM BOHRER, *Warden*,

    Respondent.

Civil Action No. TDC-22-0385

**MEMORANDUM ORDER**

While incarcerated at the Maryland Correctional Training Center in Hagerstown, Maryland, Petitioner Derrick Adkins filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2017 state conviction for first-degree burglary. Before Respondent filed an Answer, Adkins filed a Motion for Immediate Relief, ECF No. 12, which remains pending. The Petition is now fully briefed. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

The Petition collaterally attacks Adkins's conviction for first-degree burglary in the Circuit Court for Prince George's County, Maryland ("the Circuit Court") in *State v. Adkins*, No. CT161159X. In that case, on March 14, 2017, Adkins pleaded guilty to first-degree burglary, and *nolle prosequi* was later entered on the remaining counts. On May 31, 2017, the court sentenced Adkins to 20 years of imprisonment with all but 10 years suspended, and a period of five years of

supervised probation following his release. Adkins alleges that pursuant to a plea agreement, he would be brought back before the Circuit Court for reconsideration of his sentence after a third of his sentence was served.

Adkins did not file an application for leave to appeal his conviction and sentence, nor did he file a motion for modification of his sentence pursuant to Maryland Rule 4-345(e) within 90 days after sentencing. On August 12, 2020, Adkins filed a letter "[r]egarding reconsideration of sentence hearing." Dkt. at 5, Ans. Ex. 1, ECF No. 15-1. On August 21, 2020, the Circuit Court issued an order denying the "letter from defendant regarding reconsideration of sentence hearing." *Id.* On March 9, 2021, Adkins filed a letter "regarding the Modification of Sentence." *Id.* By order docketed on October 18, 2021, the Circuit Court denied Adkins's request.

On November 8, 2021, Adkins filed a self-represented state petition for post-conviction relief in the Circuit Court. On February 18, 2022, Adkins filed a "Motion for Modification of Sentence," to which the State responded. *Id.* at 7. Neither Adkins's state post-conviction petition nor his most recent motion for modification of sentence have been resolved, and no hearing has been held since 2017.

On February 15, 2022, this Court received Adkins's federal habeas petition, which he amended on March 15, 2022. On May 17, 2022, Adkins filed a Motion for Immediate Relief on the grounds that Respondent had not yet filed an Answer. He also noted that he was then in state custody in Virginia pursuant to a detainer. In that filing, he moves for immediate relief on the grounds stated in his Amended Petition and, as relief, requests that he no longer be required to serve five years of supervised probation in his Maryland criminal case.

## DISCUSSION

In his Amended Petition to this Court, Adkins asserts that his due process rights have been violated because although he has served a third of his sentence and requested a modification of his sentence, the State's Attorney and the Circuit Court have not scheduled a hearing to reconsider his sentence, in violation of the terms of his plea agreement. Respondent argues that the Petition should be dismissed with prejudice because Adkins's sole claim is not cognizable in this federal habeas proceeding. Alternatively, Respondent argues that the Petition should be dismissed without prejudice because Adkins has not exhausted all available state remedies.

### I.   Motion for Immediate Relief

As a threshold issue, the Court considers Adkins's Motion for Immediate Relief. Although Adkins argues that he is entitled to a favorable ruling because Respondent had not filed his Answer by May 17, 2022, the Court on that same date issued an Order granting Respondent until June 21, 2022 to file an Answer. ECF No. 13. Where Respondent then filed a timely Answer, the Motion for Immediate Relief will be denied.

### II.   Exhaustion of State Remedies

A petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2018); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301 (LexisNexis 2020). If an appeal of right is not

permitted, as in cases in which a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. *See id.* § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See id.* § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the defendant must file a petition for a writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Beyond exhausting available state court remedies on direct appeal, a petitioner must pursue and complete state post-conviction proceedings for claims that are not appropriate for relief on direct appeal, such as claims of ineffective assistance of counsel. *See Anthony v. Schuppel*, 86 F. Supp. 2d 531, 536 (D. Md. 2000) (noting that ineffective assistance of counsel claims are generally cognizable only in state post-conviction proceedings (citing *State v. Zimmerman*, 273 A.2d 156, 163 (Md. 1971))). For a defendant to exhaust a claim through state post-conviction proceedings, it must be raised in a state petition for post-conviction relief filed in the circuit court in which a petitioner was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Proc. §§ 7-102, 7-109 (LexisNexis 2018). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-202(1). However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for a writ of certiorari to the Court of Appeals of Maryland. *See Williams*, 438 A.2d at 1305.

A petitioner must also comply with a one-year deadline to file a federal habeas petition, which begins to run on the date the conviction becomes final but is "tolled" during the time a properly filed post-conviction petition is pending in state court. *See* 28 U.S.C. § 2244(d). Once

state post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time during which the petitioner must seek federal habeas review. *See id.*

Here, Adkins did not file an application for leave to file a direct appeal. He has, however, initiated state post-conviction proceedings, and his petition is still pending in state court. Accordingly, the Petition before this Court will be dismissed without prejudice to give Adkins the opportunity to exhaust his state remedies. Once Adkins has exhausted the state post-conviction process as described above, the one-year limitations clock resumes, and Adkins must seek federal habeas corpus review within the remaining time. Because the Court will dismiss the Petition for failure to exhaust state remedies, it need not and does not address Respondent's remaining argument.

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because this is a final order adverse to the applicant, Adkins must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a petition is denied on procedural grounds, as here, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Adkins may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Petitioner Derrick Adkins's Motion for Immediate Relief, ECF No. 12, is DENIED.
2. The Petition will be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.
3. The Court declines to issue a certificate of appealability.
4. The Clerk shall close this case.

Date: March 14, 2023



THEODORE D. CHUANG
United States District Judge